UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JANUSZ ZASTAWNIK,<br><br>    Plaintiff,<br><br>    v.<br><br>THOR MOTOR COACH INC, et al.,<br><br>    Defendants. | Case No. 3:23-CV-577-CCB |

## OPINION AND ORDER

Before the Court is Plaintiff Janusz Zastawnik's fully briefed Motion for Application of California Substantive Law to the Case. [DE 40]. Based on the applicable law, facts, and arguments, Mr. Zastawnik's motion is granted, and California substantive law will be applied to all his claims.

**I.    RELEVANT BACKGROUND**

Mr. Zastawnik bought a recreational vehicle ("RV") in California in May 2022. The RV was manufactured by Defendant Thor Motor Coach, Inc. ("Thor") in Indiana. Thor provided Mr. Zastawnik with a Limited Warranty, which included both a forum-selection clause providing for exclusive jurisdiction in Indiana for all breach of express and implied warranties claims and a choice-of-law clause providing that all claims and controversies arising from the Limited Warranty "shall be governed by the laws of the State of Indiana." [DE 12-2 at 21]. In a highlighted box after these clauses, the Limited Warranty advises that it gives the buyer specific legal rights and that the buyer "may also have other rights, which vary from state to state and province to province." [*Id.*]. After complaining of various problems with the RV, Mr. Zastawnik sued Thor in California state court raising four claims: (1) breach of implied warranty, (2) breach of express warranty, (3) violation of Song-Beverly Act, and (4) violation of Uniform Commercial Code, but did not invoke the federal Magnuson Moss Warranty Act. [DE 23].

Thor removed this case to federal court in the Central District of California. At Thor's request, the case was transferred to this Court based on the Limited Warranty's forum-selection clause. In seeking transfer, Thor recognized that California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act") established unwaivable rights for buyers, including Mr. Zastawnik. [DE 12-1 at 7–8]. "[T]o allay any concerns" the California court might have had about preserving Mr. Zastawnik's unwaivable rights under Song-Beverly, Thor stipulated in its transfer motion, and separately by declaration of its counsel, that "the Song-Beverly Act [would] apply to [Mr. Zastawnik's] warranty claims pursued in an action in Indiana and that THOR [would] not oppose a request that the Indiana court utilize Song-Beverly to adjudicate those allegations." [DE 12-1 at 8; *see also* DE 12-3 at 2].

The California court granted transfer over Mr. Zastawnik's argument that the forum-selection clause was unenforceable and void under the Song-Beverly Act's anti-waiver provision. The court found that Mr. Zastawnik had identified no statute or judicial decision clearly establishing that "enforcement of the forum-selection clause would contravene a strong [California] public policy . . . ." [DE 21 at 4 (citing *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1090 (9th Cir. 2018)]. The court also relied on Thor's stipulation to apply the Song-Beverly Act in Indiana finding that it "eliminat[ed] the risk of diminishing Plaintiff's statutory rights under California law." [DE 21 at 4]. In granting transfer, the California court further reasoned that the Song-Beverly Act lacks any "exceptionally arcane features" that would "defy comprehension by a federal judge sitting in Indiana." [*Id.*].

Upon arrival in this court, Mr. Zastawnik moved for application of California substantive law to his claims. Through his Motion, Mr. Zastawnik asks this Court to apply the Song-Beverly Act to all his claims. In support, Mr. Zastawnik argues that Thor should be held to its stipulation that persuaded the California court to grant transfer; that judicial estoppel prohibits Thor from changing

2

its position here; and that the Limited Warranty's choice-of-law clause is unenforceable under Song-Beverly's anti-waiver provision. Thor, on the other hand, contends that its stipulation should be enforced, but that the stipulation did not accede to application of California law to Mr. Zastawnik's underlying breach of express or implied warranty claims. Thor argues that like the Magnuson Moss Warranty Act, Song-Beverly provides only supplemental remedies for breaches of warranty claims under the laws of any state. So Thor argues that the Limited Warranty's choice-of-law clause dictates application of Indiana law to Mr. Zastawnik's breach of warranty claims, but that California law would apply to decide what remedies flow from any breach Mr. Zastawnik proves based on Indiana law. Thor makes no argument challenging application of California law to Mr. Zastawnik's explicit Song-Beverly and UCC claims.

## II.    ANALYSIS

To resolve a choice-of-law issue, this Court "must apply the choice-of-law provisions [of Indiana,] the state in which it sits." *Bailey v. Skipperliner Indus., Inc.*, 278 F. Supp. 2d 945, 951 (N.D. Ind. 2003) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941); *see also Large v. Mobile Tool Int'l, Inc.*, 724 F.3d 766, 771 (7th Cir. 2013) (citing *Erie v. Tompkins*, 304 U.S. 64, 78 (1938)); *Hubbard Mfg. Co., Inc. v. Greeson*, 515 N.E.2d 1071, 1073 (Ind. 1987). In Indiana, "a choice-of-law issue will [ordinarily] be resolved only if it appears there is a difference in the laws of the potentially applicable jurisdictions." *Allen v. Great Am. Rsrv. Ins. Co.*, 766 N.E.2d 1157, 1162 (Ind. 2002). Mr. Zastawnik argues that just such a difference exists between California's warranty law under the Song-Beverly Act and Indiana's warranty law.

Before turning to that alleged substantive difference between California and Indiana law, attention must be given to two choice-of-law stipulations—the Limited Warranty's choice-of-law clause and Thor's choice-of-law stipulation before the California court. "Indiana choice-of-law doctrine favors contractual stipulations as to governing law." *Id.* As to Thor's stipulation, both

parties here agree that it should be enforced but disagree as to whether it establishes Thor's assent to application of California law to all of Mr. Zastawnik's claims. Mr. Zastawnik says it does while Thor contends that the stipulation was never intended to accede to application of California law to all the claims in the complaint. Instead, Thor argues that through the stipulation, it acceded to application of California law to all of Mr. Zastawnik's claims except his two breach of warranty claims. According to Thor, the Limited Warranty's choice-of-law clause still provides the law of decision for those two breach of warranty claims. Thor's interpretation of its stipulation contradicts its plain language and does not account for the Song-Beverly Act's anti-waiver provision.

      A.      **Plain Language of the Stipulation**

In its transfer motion before the California court, Thor expressly stipulated "that the Song-Beverly Act will apply to plaintiff's warranty claims pursued in an action in Indiana and that THOR will not oppose a request that the Indiana court utilize Song-Beverly to adjudicate those allegations." [DE 12-1 at 8]. At the same time, Thor submitted the Declaration of its counsel making the following similar statement:

> By this motion, THOR stipulates (1) that the Song-Beverly Consumer Warranty Act will apply to Plaintiff's claims as pled in his complaint; and (2) that THOR will not oppose a request that the Indiana court utilize the Song-Beverly Consumer Warranty Act to adjudicate those allegations if permitted to go forward.

[DE 12-3 at 2]. Neither version of the stipulation limited the application of the Song-Beverly Act as Thor now suggests. The motion version of the stipulation explicitly applies to Mr. Zastawnik's "warranty claims." [DE 12-1 at 8]. The declaration version of the stipulation even more broadly applies to Mr. Zastawnik's "claims as pled in his complaint." [DE 12-3 at 2]. After both those statements about the scope of claims subject to Song-Beverly, Thor used identical language to stipulate that it would not oppose a request for application of Song-Beverly "to adjudicate those allegations" in the Indiana court. Again, Thor did not qualify the term "those allegations" anyway in its transfer motion or its counsel's declaration. With such broad and plural wording, the plain

4

language of both versions of the stipulation reflects Thor's concession that California's Song-Beverly Act will apply to all of Mr. Zastawnik's claims without exception.

In Thor's Response Opposing Motion to Apply California Substantive Law [DE 41], Thor does not dispute that Mr. Zastawnik's Song-Beverly and UCC claims should be decided based on application of California law, which leaves only the question of what law should apply to the implied and express warranty claims. And those remaining claims are warranty claims consistent with the language of Thor's stipulation. [*See* DE 12-1 at 8; DE 12-3 at 2]. Therefore, the limitation Thor advocates for does not track the plain language of its stipulations.

Moreover, judicial estoppel precludes Thor from advocating for enforcing the Limited Warranty's choice-of-law clause now after agreeing to waive the choice-of-law provision to get the California court to enforce the Limited Warranty's forum-selection clause and transfer the case to Indiana. An equitable doctrine "invoked by a court at its discretion," judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (internal quotations omitted). Judicial estoppel is designed to "prevent the perversion of the judicial process" and should "be applied where 'intentional self-contradiction is being used . . . .'" *In re Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990) (quoting *Scarano v. Cent. R. Co. of N.J.*, 203 F.2d 510, 513 (3d Cir. 1953)). "It should not be used where it would work an injustice, such as where the former position was the product of inadvertence or mistake[,] or where there is only an appearance of inconsistency between the two positions, but both may be reconciled." *Id.* at 642 (internal citations omitted); *see also Smith v. Metro. Prop. & Cas. Ins. Co.*, No. 3:20-CV-053-JD-MGG, 2020 WL 5946599, at *3 (N.D. Ind. Oct. 7, 2020). Thor does not even try to suggest that its stipulation inadvertently or mistakenly agreed to apply California law to all Mr. Zastawnik's claims. Rather, Thor purports that it intentionally stipulated to exactly what it wanted in the California court—application of California

5

law to all of Mr. Zastawnik's claims except the decision on whether Thor breached the Limited Warranty. Thor argues that the language of the Limited Warranty, advising the buyer that he may have legal rights beyond those in the Limited Warranty based on the laws of each state, supports this intent. [*See* DE 12-2 at 21]. Yet, as explained above, the plain language of both stipulations contradicts Thor's current position. Thor is judicially estopped from changing its position on the intent of its stipulation in the California court. As a result, the stipulation has already established that California law applies to all Mr. Zastawnik's claims, and all aspects of his claims, including whether Thor breached its express warranty or any implied warranty accompanying the sale of the RV to Mr. Zastawnik.

### B. Song-Beverly Anti-Waiver Provision and Substantive Rights

The Limited Warranty's choice-of-law clause is unenforceable and void under the Song-Beverly Act. The Act provides that "[a]ny waiver by the buyer of consumer goods of the provisions of this chapter, except as expressly provided in this chapter, shall be deemed contrary to public policy and shall be unenforceable and void." Cal. Civ. Code § 1790.1. In a case interpreting the same forum-selection and choice-of-law provisions in Thor's Limited Warranty, the Southern District of California held that the "choice-of-law provision would cause [the plaintiffs in that case] to lose any protections under California's Song-Beverly Act that do not exist under Indiana law, which is contrary to public policy." *Waryck v. Thor Motor Coach, Inc.*, Case No. 22-cv-1096-L-MDD, 2023 WL 3794002, at *4 (S.D. Cal. Jan. 13, 2023). In *Waryck*, Thor argued that its stipulation to allow the plaintiffs to pursue their claims in the Northern District of Indiana under California law would eliminate any public policy concerns the choice-of-law clause posed but the *Waryck* court refused to accept Thor's stipulation finding it still contravened California public policy. *Id.* at *5. In that case, Thor had "state[d] that it knowingly presents agreements to California consumers containing clauses that are prohibited under California law [and that when] arguments about these

6

types of clauses are initially raised in California courts, Thor . . . may agree to stipulate them away." *Id.* Based on Thor's statements, the *Waryck* court found that California consumers could lose certain unwaivable Song-Beverly rights under Thor's Limited Warranty if they did not challenge application of Indiana law to their claims. *Id.* The *Waryck* court then concluded: "That scheme is contrary to California public policy and the Court should not condone or encourage it." *Id.*

Mr. Zastawnik would similarly lose certain unwaivable rights under the Song-Beverly Act if the choice-of-law provision here were to be enforced. The Song-Beverly Act "regulates warranty terms, imposes service and repair obligations on manufacturers . . . who make express warranties, requires disclosure of specified information in express warranties, and broadens a buyer's remedies to include costs, attorney's fees, and civil penalties." *Murillo v. Fleetwood Enters., Inc.*, 17 Cal. 4th 985, 989 (1998) (citing Cal. Civ. Code §§ 1790–1795.8); *see also Nat'l R.V., Inc. v. Foreman*, 34 Cal. App. 4th 1072, 1080 (1995). Thus, Song-Beverly mandates warranty-related conduct and provides specified remedies enforceable through both the breach of express warranty and breach of implied warranty claims defined in the Act. *See* Cal. Civ. Code §§ 1791.1, 1791.2; *see also Smith v LG Elects. U.S.A., Inc.*, No. C 13-4361 PJH, 2014 WL 989742, at *9 (N.D. Cal. Mar. 11, 2014). The question becomes whether Indiana law would provide Mr. Zastawnik with the same rights. Thor thinks it would.

Thor argues—in a footnote—that Indiana and California warranty law are "not so different." [DE 41 at 3 n.1]. From that, Thor seems to be urging the Court to infer that Mr. Zastawnik would not lose any rights if Indiana warranty law were applied to his breach of implied and express warranty claims. As Thor notes, Indiana warranty law has developed "certain well-worn principles" about the number of days out of service, the number of repair attempts, and exhaustion of warranty-based remedies necessary to establish a breach of warranty. [DE 41 at 3 n.1 (citing *Zylstra v. DRV, LLC*, 8 F.4th 597, 607–09 (7th Cir. 2021) (153 days out of service is not unreasonably long to amount to breach of warranty); *Mathews v. REV Recreation Grp., Inc.*, 931 F.3d

7

619, 622 (7th Cir. 2019) (at least four attempts to repair a nonconformity to show that warranty failed of its essential purpose))]. These principles reflect somewhat specific requirements for proving breach of warranty under Indiana law. Thor compares these Indiana principles to California's warranty law "requiring proof that a covered nonconformity was not repaired after a reasonable number of attempts." [*Id.* (citing *Oregel v. Am. Isuzu Motors, Inc.*, 90 Cal. App. 4th 1094, 1101 (2001))]. Thor does not, however, provide any examples of California law establishing similarly specific thresholds for repair attempts or days out of service relevant to proving a breach of warranty. Without that, Thor has not supported its inference that Mr. Zastawnik would enjoy the same rights under both Indiana and California law.

The Song-Beverly Act is a "strongly pro-consumer" remedial measure "intended for the protection of the consumer [and] should be given a construction calculated to bring its benefits into action." *Dominguez v. Am. Suzuki Motor Corp.*, 160 Cal. App. 4th 53, 58 (2008) (citing *Murillo*, 17 Cal. 4th at 989–90). Given its intentionally broad protections for consumers, the Song-Beverly Act operates differently than the federal Magnuson Moss Warranty Act ("MMWA"). The MMWA only provides federal jurisdiction for state breach of warranty claims such that liability under the MMWA arises out of state law. *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001). "[E]xcept in specific instances in which Magnuson-Moss expressly prescribes a regulating rule, the [MMWA] calls for the application of state written and implied warranty law, not the creation of additional federal law." *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 918 (9th Cir. 2005). As highlighted above, the Song-Beverly Act prescribes rules regulating the content, application, and enforcement of express and implied warranties. *See Murillo*, 17 Cal. 4th 989–90. Such provisions of Song-Beverly thus distinguish it from both the MMWA and Indiana warranty law based on Thor's own delineation of Indiana warranty principles.

8

The California Legislature drafted Song-Beverly with the intent to provide broad consumer protections related to warranties on consumer goods, including RVs, and incorporated regulating rules into the Act to accomplish those goals. *See Nat'l R.V., Inc.*, 34 Cal. App. 4th at 1081) ("the Act was aimed at eliminating consumer frustration caused by defective products and easing some of the difficulties inherent in pursuing claims arising out of product warranty disputes."). The record includes nothing to show that California has limited those broad Song-Beverly protections. *Cf. Rheinhart v. Nissan N. Am., Inc.*, 92 Cal. App. 5th 1016, 1034 (2023) ("The Act's antiwaiver provision is extremely broad; it is not limited to warranties or any particular time frame during the purchase process, but encompasses all mandated remedies afforded to buyers."). And unlike the MMWA, which depends on the warranty laws of the states, Song-Beverly stands independently providing the standards for breach of express and implied warranties in addition to remedies for any breach. As a result, application of Indiana law to Mr. Zastawnik's warranty claims could deprive him of his substantive legal rights under Song-Beverly in violation of California public policy. Accordingly, the Limited Warranty's choice-of-law clause is unenforceable and void.

### C. Indiana Choice-of-Law Analysis

Without an enforceable choice-of-law provision, Indiana choice-of-law rules would govern the law of decision for Mr. Zastawnik's claims. In contract matters, "the court will consider the different contacts the parties have with the forums at issue." *Travelers Indem. Co. v. Summit Corp. of Am.*, 715 N.E.2d 926, 931 (Ind. Ct. App. 1999); *see also Large*, 724 F.3d at 771. Relevant contacts include "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicil [sic], residence, nationality, place of incorporation and place of business of the parties." *Travelers Indem. Co.*, 715 N.E.2d at 931 (quoting *Dana Corp.* 690 N.E.2d at 291). The parties' location is typically given the most weight. *Large*, 724 F.3d at 771 (citing *Ky. Nat'l Ins. Co. v. Empire Fire & Marine Ins.*

9

*Co.*, 919 N.E.2d 565, 575 (Ind. Ct. App. 2010)). "If the place of negotiating the contract and place of performance are in the same state, the law of that state will usually be applied." *Bailey*, 278 F. Supp. 2d at 953 (quoting Restatement (Second) of Conflict of Laws § 188 (1971)).

Here, the parties' relevant contacts favor California. The Limited Warranty was executed as part of the sale of the RV in California. Any negotiation related to the Limited Warranty is not known to the Court as this time, but logically would have occurred at the time of the sale in California. The RV was delivered to Mr. Zastawnik in California and repair attempts were presumably all made in California. [DE 23 at 2 ("This action is properly filed in Los Angeles County because the acts and omission that give rise to Plaintiff's claims took place [in] this County, and Defendants transact substantial business in this County.")]. Thor also maintains business relationships in California facilitating sales and repairs of its products there. Mr. Zastawnik resides in California. Thor is incorporated in Indiana and maintains its manufacturing business in Indiana. As a result, the parties' contacts in California exceeded those in Indiana. Taken together, California had the most significant relationship to the transactions at the heart of this case and California law should apply. *See Bailey*, 278 F. Supp. 2d at 953; *cf. Shearer v. Thor Motor Coach, Inc.*, No. 3:19-CV-965-PPS-MGG, 2020 WL 3618795, at *6 (N.D. Ind. July 1, 2020) (finding Florida had more intimate contacts in an RV case then applying Florida substantive law).

### III.   CONCLUSION

For the reasons discussed above, Mr. Zastawnik's Motion for Application of California Substantive Law is **GRANTED**. [DE 40]. California law will be used to decide all of Mr. Zastawnik's claims. Thor's motion for summary judgment [DE 55] will be addressed by separate order of this Court.

SO ORDERED.

September 20, 2024

10

                */s/Cristal C. Brisco*
                CRISTAL C. BRISCO, JUDGE
                UNITED STATES DISTRICT COURT